## SKAGGS v. MUDD et al.

(Court of Civil Appeals of Texas. San Antonio. Dec. 23, 1913. Rehearing Denied Jan. 21, 1914.)

JUDGMENT (§ 747*)—ESTOPPEL—PARTITION.

Where plaintiff was a plaintiff in a former action of partition, in which a part of the land in controversy was partitioned between her and others, to whom, and plaintiff, the land was devised, plaintiff cannot claim in the present action that the land was not subject to partition because the devise was in trust, being bound by her election to have partition.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1053, 1284–1296; Dec. Dig. § 747.*]

Appeal from District Court, Karnes County; John M. Green, Judge.

Action by Minnie Skaggs against John Patton Mudd and others. From a judgment sustaining a demurrer to the petition, plaintiff appeals. Affirmed.

M. B. Little, of Karnes City, for appellant. Williamson & Klingemann, of Karnes City, for appellees.

CARL, J. The appellant alleges: That R. R. Skaggs and his wife, Amanda J. Skaggs, owned about 180 acres of land in Karnes county, being lots 25 and 26 of the Louis Manchaca original grant, which was community property. That Skaggs died and left a will, dated December 6, 1894, in which he made disposition of the entire personal and real estate and therein set apart to his wife the east or northeast half of the land, and then the will proceeds: "I give, devise and bequeath to such of my children as may be living at my death one-half of all my land, —the N. W. end of the land; that is, the said half of my land is to be kept leased or rented to the best advantage, and the money collected thereon to be paid in equal parts to my children, yearly, and at the death of my children the said land shall be the property of all my grandchildren equally." And that appellant, Minnie Skaggs, and Mrs. Susan Mudd were the only children of said R. R. Skaggs at the date of his death. Tom Campbell of Atascosa county was named as trustee, but did not act. The petition of appellant further shows that the land was partitioned in the district court of Karnes county, by an order entered on October 8, 1902, in accordance with the will of R. R. Skaggs, and that in such partition the east end was set apart to Amanda J. Skaggs and the west end was set apart to his heirs, consisting of appellant and Mrs. Susan Mudd, her sister. This was in cause No. 1,317, styled Minnie Skaggs v. Hal. Deskin et al. It is further charged in the petition that appellees are in possession of said land by virtue of a conveyance made to them by Donald McKay and wife, and that McKay and wife held under a deed made by the sheriff of Karnes county, by virtue of an order of sale issued out of the district court of Karnes county, wherein A. J. Pritchard and Dr. S. A. King were plaintiffs and Minnie Skaggs was defendant; the sale being made June 2, 1903. She further claims now that said land was not subject to partition because of the trust ingrafted on same, and that the sale made by the sheriff of Karnes county passed no title, because the court was without authority to make a partition of the property, and is therefore void. The court sustained a general demurrer to the petition, and appellant, declining to amend, permitted judgment to go against her and has appealed.

Appellees plead a number of defenses and set out exhibits showing a mortgage given by appellant to Pritchard and Little which was foreclosed and the land sold to Donald McKay, who conveyed to appellees.

In passing on the case as it comes to this court, it matters not what the appellees' pleadings show. The question is: Did the petition show a cause of action? We think it did not, and that the trial court was correct in sustaining the general demurrer. If the estate was only a trust for her benefit, she has shown that the trustee did not qualify and that she has seen fit to ignore that phase of the matter. The land, upon her own petition, has been set apart to her. She now questions the power of the court to do the very thing she came into that court and asked that it do. She now seeks to have the will of R. R. Skaggs construed by the district court of Karnes county, in a way which would be at total variance with her former action for partition. She has elected her remedy and is bound by the result.

We are of the opinion the trial court did not err in sustaining the general demurrer, and the judgment is, accordingly, affirmed.